# STATE OF WEST VIRGINIA
# SUPREME COURT OF APPEALS

**FILED**

**February 16, 2016**

RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

*In re*: A.M. & C.M.

No. 15-0743 & 15-0776 (Monongalia County 14-JA-13 & 14-JA-14)

## MEMORANDUM DECISION

Petitioner Father C.M., by counsel Scott A. Shough, and Petitioner Mother F.W., by counsel Megan M. Allender, appeal the Circuit Court of Monongalia County's July 6, 2015, order terminating their parental rights to A.M. and C.M.[1] The West Virginia Department of Health and Human Resources ("DHHR"), by counsel Lee Niezgoda, filed its response in support of the circuit court's order. The guardian ad litem, Richard Gutmann, filed a response on behalf of the children. On appeal, petitioners allege that the circuit court erred in (1) denying their motion for a dispositional improvement period and (2) terminating their parental rights to the children.[2]

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In May of 2014, the DHHR received a referral that petitioners' newborn was found dead in their residence. Following this investigation, the DHHR filed an abuse and neglect petition alleging that petitioners maintained unsanitary home conditions, such as dog feces throughout the house. The DHHR also noted that six dogs and nine individuals lived in petitioners' residence. Additionally, the DHHR alleged that the children were "dirty and disheveled."

In July of 2014, the circuit court held an adjudicatory hearing during which petitioners stipulated that they abused and neglected the children as set forth in the petition. Based on petitioners' stipulations, the circuit court granted petitioners a post-adjudicatory improvement period. The terms and conditions of the improvement period required petitioners to maintain a

---

[1] By order entered on September 10, 2015, this Court granted Petitioner Father's motion to consolidate these cases for purposes of briefing, consideration, and decision.

[2] We note that West Virginia Code §§ 49-1-1 through 49-11-10 were repealed and recodified during the 2015 Regular Session of the West Virginia Legislature. The new enactment, West Virginia Code §§ 49-1-101 through 49-7-304, has minor stylistic changes and became effective ninety days after the February 19, 2015, approval date. In this memorandum decision, we apply the statutes as they existed during the pendency of the proceedings below.

clean home; attend parenting and adult life skills classes; attend therapy sessions; and submit to drug screens. The circuit court also granted petitioners visitation with the children and ordered petitioners not to allow pets in their home.

Beginning in October of 2014, the circuit court held several hearings to monitor the progress of petitioners' post-adjudicatory improvement period. The parties proffered that petitioners were complying with services, but that they missed several service appointments and that the home contained cat feces and urine. The parties also proffered that petitioners made improvements, but missed "some" drug screens. By order entered on January 28, 2015, the circuit court granted petitioners an extension of their post-adjudicatory improvement period. The circuit court also ordered petitioners to submit to additional drug screens to detect synthetic drugs. In April of 2015, the circuit court held its final review hearing. The parties proffered that petitioners' residence was dirty and that the DHHR discontinued services due to their noncompliance.

In June of 2015, the circuit court held a dispositional hearing, during which the visitation coordinator testified that petitioners failed to maintain a clean home during visits despite receiving services to address this issue. The evidence also established that petitioners kept dogs in their residence and that there was trash and feces throughout the house. A service worker testified that petitioner father tested positive for marijuana, that services were discontinued due to noncompliance, and that petitioners failed to maintain a clean house. Furthermore, petitioner father testified on his own behalf and admitted to keeping a dog in their house in violation of the circuit court's order. Ultimately, the circuit court terminated petitioners' parental rights to the children. This appeal followed.

The Court has previously established the following standard of review:

"Although conclusions of law reached by a circuit court are subject to *de novo* review, when an action, such as an abuse and neglect case, is tried upon the facts without a jury, the circuit court shall make a determination based upon the evidence and shall make findings of fact and conclusions of law as to whether such child is abused or neglected. These findings shall not be set aside by a reviewing court unless clearly erroneous. A finding is clearly erroneous when, although there is evidence to support the finding, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. However, a reviewing court may not overturn a finding simply because it would have decided the case differently, and it must affirm a finding if the circuit court's account of the evidence is plausible in light of the record viewed in its entirety." Syl. Pt. 1, *In Interest of Tiffany Marie S.*, 196 W.Va. 223, 470 S.E.2d 177 (1996).

Syl. Pt. 1, *In re Cecil T.*, 228 W.Va. 89, 717 S.E.2d 873 (2011). Further, our case law is clear that "in the context of abuse and neglect proceedings, the circuit court is the entity charged with weighing the credibility of witnesses and rendering findings of fact." *In re Emily*, 208 W.Va. 325, 339, 540 S.E.2d 542, 556 (2000) (citing Syl. Pt. 1, in part, *In re Travis W.*, 206 W.Va. 478, 525 S.E.2d 669 (1999)); se*e also Michael D.C. v. Wanda L.C.*, 201 W.Va. 381, 388, 497 S.E.2d

531, 538 (1997) (stating that "[a] reviewing court cannot assess witness credibility through a record. The trier of fact is uniquely situated to make such determinations and this Court is not in a position to, and will not, second guess such determinations.").

On appeal, petitioners first assign error to the circuit court's denial of their motion for a post-dispositional improvement period.[3] We have long explained that circuit courts have discretion in deciding whether to grant or deny a respondent parent's motion for a post-dispositional improvement period. West Virginia Code § 49-4-610(3) provides that circuit courts may grant an improvement period if "[t]he respondent demonstrates, by clear and convincing evidence, that the respondent is likely to fully participate in the improvement period[.]" As used in West Virginia Code § 49-4-610, the word "may" is a permissive term connoting discretion. *Gebr. Eickhoff Maschinenfabrik Und Eisengieberei mbH v. Starcher*, 174 W.Va. 618, 626 n.12, 328 S.E.2d 492, 500 n.12 (1985) (stating that "[a]n elementary principle of statutory construction is that the word 'may' is inherently permissive in nature and connotes discretion." (citations omitted)). We have also held that "courts are not required to exhaust every speculative possibility of parental improvement before terminating parental rights where it appears that the welfare of the child will be seriously threatened . . . ." Syl. Pt. 1, in part, *In Re: R.J.M.*, 164 W.Va. 496, 266 S.E.2d 114 (1980).

Petitioners argue that the circuit court erred in denying their motion for an improvement period because they complied with the terms of their improvement period. Based upon our review of the record on appeal, we find no such error. The circuit court was within its sound discretion in denying petitioners a post-dispositional improvement period. Petitioners failed to demonstrate a substantial change in circumstances since their initial nine-month improvement period and further failed to demonstrate that they were likely to fully comply with a post-dispositional improvement period. The circuit court heard testimony that while petitioners initially complied with services, they failed to make sufficient improvements to warrant a post-dispositional improvement period. The circuit court heard testimony that petitioners' residence remained in an unsanitary and unsafe condition for their children and that petitioners' services were terminated for noncompliance. Petitioner father also tested positive for marijuana and admitted to keeping dogs in their house in violation of the terms and conditions of their improvement period. Based on the foregoing, we find that the circuit court heard sufficient evidence to deny petitioners' motion for a post-dispositional improvement period.

Finally, petitioners argue that the circuit court erred in terminating their parental rights to the children because the evidence failed to support a finding that there was no reasonable likelihood that petitioners could substantially correct the conditions of abuse or neglect. Pursuant to West Virginia Code § 49-4-604(b)(6), circuit courts are directed to terminate parental rights when they find that there was no reasonable likelihood that a parent could substantially correct the conditions of abuse and neglect in the near future and that termination is necessary for the children's welfare. West Virginia Code § 49-4-604(c)(3) provides that no reasonable likelihood that the conditions of abuse or neglect can be substantially corrected exists when "[t]he abusing .

---

[3]Because the dispositional hearing in this matter took place on June 15, 2015, after the new version of West Virginia Code §§ 49-1-101 through 49-7-304 went into effect, the Court will apply the revised versions of those statutes on appeal.

. . parents . . . have not responded to or followed through with a reasonable family case plan or other rehabilitative efforts[.]" In the case at bar, as noted above, petitioners made little to no progress during their improvement period, and the circuit court found that there was no reasonable likelihood that petitioners could substantially correct the conditions of abuse and neglect in the near future; thus, termination was necessary for the children's welfare. Given the circumstances presented in this case, we find no error in the circuit court's order terminating petitioners' parental rights to the children.

For the foregoing reasons, we find no error in the circuit court's July 6, 2015, order, and hereby affirm the same.

Affirmed.

**ISSUED**: February 16, 2016


**CONCURRED IN BY**:

Chief Justice Menis E. Ketchum
Justice Robin Jean Davis
Justice Brent D. Benjamin
Justice Margaret L. Workman
Justice Allen H. Loughry II